Andrew NICHOLS, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 62596.

Missouri Court of Appeals,
Eastern District,
Division One.

June 1, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 14, 1994.

Application to Transfer Denied March 22, 1994.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, P.J., and REINHARD and CRIST, JJ.

ORDER

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. Movant pled guilty to stealing, third offense, in violation of § 570.030 RSMo 1986 and was sentenced pursuant to a plea agreement to seven years' imprisonment, to run consecutively to the sentences movant was then serving.

The motion court's findings are not clearly erroneous, and no error of law appears. An extended opinion would have no precedential value. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the motion court is affirmed in accordance with Rule 84.16(b).

John W. SCOTT, Appellant,

v.

STATE of Missouri, Respondent.

No. 63356.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 9, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 16, 1993.

Application to Transfer Denied March 22, 1994.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

Before GARY M. GAERTNER, C.J., and PUDLOWSKI and SIMON, JJ.

ORDER

PER CURIAM.

Movant, John W. Scott, appeals from a denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing in the County of St. Louis. We affirm. We have reviewed the briefs of the parties and the legal file and find the findings of fact and conclusions of law of the motion court are not clearly erroneous. As we find that an extended opinion would have no precedential value, we affirm pursuant to Rule 84.16(b) and 30.25(b). A memorandum solely for the use of the parties here involved has been provided explaining the reasons for our decision.